15-1946-cr
United States v. Hils, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
Circuit Judges,
TIMOTHY C. STANCEU,
Chief Judge, U.S. Court of Int'l Trade.[*]

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES,
Appellee,

-v.-                                              15-1946-cr

ANN HILS,
Defendant-Appellant,

BRANDY GOMEZ,
Defendant.

- - - - - - - - - - - - - - - - - - - -X

---

[*] Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

**FOR APPELLANT:**         Norman A. Pattis, Brittany B. Paz;
                          Pattis & Smith, LLC, New Haven, CT.

**FOR APPELLEE:**         David T. Huang, Marc H. Silverman,
                          <u>for</u> Deirdre M. Daly, United States
                          Attorney for the District of
                          Connecticut.

Appeal from the judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the instant appeal be **DISMISSED.**

Ann Hils appeals from a criminal judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>), entered on a plea of guilty (pursuant to a plea agreement) to one count of conspiracy to commit bank and mail fraud in violation of 18 U.S.C. § 1349. We assume the parties' familiarity with the underlying facts and procedural history.

Hils admitted in her plea that she submitted materially false real estate appraisals in furtherance of fraudulent mortgage applications. A chart depicting losses associated with certain properties for which she submitted fraudulent appraisals was appended as an exhibit to her written plea agreement, and she admitted its accuracy. Hils's only argument on appeal is that her counsel was constitutionally ineffective at the plea bargaining stage because he failed to conduct a reasonable investigation into the government's evidence concerning the appraisals before advising her not to contest the government's figures in that attached exhibit.

"[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003), and we have noted our "baseline aversion to resolving ineffectiveness claims on direct review." <u>United States v. Salameh</u>, 152 F.3d 88, 161 (2d Cir. 1998) (per curiam). Resolution of such claims on direct review may nevertheless be "appropriate when the factual record is fully developed and resolution . . . on direct appeal is beyond any doubt or in the interest of justice." <u>United States v.</u>

2

<u>Gaskin</u>, 364 F.3d 438, 468 (2d Cir. 2004) (quotation marks omitted). This is not such a case.

An ineffectiveness claim requires the defendant to show both "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Even were we to assume that defense counsel failed to conduct a reasonable investigation into the government's loss figures and that such failure constitutes deficient performance under <u>Strickland</u>, we could not conclude on the present record that Hils was prejudiced. She points to no evidence and makes no argument that the government's loss figures were inaccurate. If, as the government contends, the figures were accurate (or if they understated actual loss), then Hils was not prejudiced by counsel's advice to accept their accuracy. She may raise her claim on collateral review, but we have no basis to resolve it on the present record.

Accordingly, we hereby **DISMISS** the instant appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK